**Roberth Raimon KATENDE, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–74918.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 17, 2009.

Kathleen Siok–Sien Koh, Esquire, Law Office of Kathleen S. Koh, Whittier, CA, Gihan L. Thomas, Esquire, Law Offices of Gihan L. Thomas, Los Angeles, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Regina Byrd, Esquire, Andrew C. Mc-Lachlan, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GRABER, GOULD, and BEA, Circuit Judges.

### MEMORANDUM **

Roberth Raimon Katende, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, and we reverse only if the evidence compels a contrary conclusion. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

■ We have jurisdiction to consider Katende's claim for asylum. *See Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir.2007) (per curiam) (exercising jurisdiction over consideration of one-year bar where facts are undisputed). Substantial evidence supports the agency's determination that Katende's depressed state did not constitute changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 U.S.C. § 1158(a)(2)(B) (asylum applicant must file application within one year of arrival in the United States unless one of two statutory exceptions applies). Accordingly, Katende's asylum claim fails.

■ With regard to Katende's application for withholding of removal, substantial evidence supports the agency's determination that Katende's experiences did not rise to the level of past persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir.2003) (persecution "is an extreme concept that does not include every sort of treatment our society regards as offensive") (internal quotation marks and citation omitted). Substantial evidence also supports the agency's determination that Katende has failed to establish a clear probability that he would be persecuted based on his Christian religion or his Chinese ethnicity upon his return to Indonesia. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1185 (9th Cir.2003). Nor does the record in this case establish that the ethnic and religious strife in Indonesia amounts to a pattern or practice of persecution against Chinese Christians. *See Lolong v. Gonzales*, 484 F.3d 1173, 1181 (9th Cir.2007) (en banc).

■ Furthermore, substantial evidence supports the BIA's determination that Katende is not entitled to protection under the CAT because he failed to establish that it is more likely than not that he would be tortured by public officials (or non-governmental actors who had the consent or acquiescence of the government) if he were returned to Indonesia. *See Sinha v. Holder*, 556 F.3d 774, 785 (9th Cir.2009).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.